Jens V. MONTGOMERY, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 94–1320.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1994.

Decided July 22, 1994.

Catherine R. Enyeart, Hot Springs, SD, for appellant.

Diana J. Ryan, Rapid City, SD (Karen E. Schreier and Diana Ryan, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, and HENLEY and JOHN R. GIBSON, Senior Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jens Montgomery applied for federal disability benefits in late 1991, citing depression, alcoholism, and degenerative disk disease. *See* 42 U.S.C. § 423(a)(1), § 1382(a)(1). After initial denials in early 1992 and a subsequent hearing before an administrative law judge, the administrative law judge again denied Mr. Montgomery's application in late 1992. *See* 42 U.S.C. § 405(b), § 1383(c); *see also* 20 C.F.R. §§ 404.900–404.913, §§ 404.929–404.955, §§ 416.1400–416.1413, §§ 416.1429–446.1455. The Appeals Council of the Social Security Administration denied further review in early 1993. *See* 20 C.F.R. §§ 404.967–404.981, §§ 416.1467–416.1481.

Mr. Montgomery filed in federal district for judicial review of the administrative actions. *See* 42 U.S.C. § 405(g), § 1383(c)(3). On cross-motions for summary judgment, the district court granted summary judgment to the government in late 1993, holding, among other things, that although the administrative law judge had failed to complete a form explaining why mental impairments were rejected as a basis for disability for Mr. Montgomery, substantial evidence on the record as a whole still supported the administrative law judge's decision, since the administrative law judge incorporated mental impairments into questions asked of a vocational expert with respect to Mr. Montgomery's occupational capabilities.

Mr. Montgomery appeals the order of the district court. We agree with Mr. Montgomery that completion of the form in question is required under the circumstances of this case. We therefore reverse the order of the district court and remand the case to the district court, with directions to remand to the government for further administrative proceedings. Because of the reasons for our holding, we need not address the other grounds argued on appeal.

I.

The procedures for determining whether a claimant is disabled under the law are specified in regulations of the Social Security Administration. Basically, those procedures take into account whether a claimant is working, whether the claimant's physical or mental impairments are severe, whether the claimant's impairments prevent a resumption of work done in the past, and whether the claimant's impairments preclude any other type of work. *See* 20 C.F.R. § 404.1520, § 416.920. In addition, whenever adult claimants allege mental impairment, "a special procedure *must* be followed . . . at each level of administrative reviews." *See* 20 C.F.R. § 404.1520a(a), § 416.920a(a) (emphasis supplied).

"A standard document . . . *must* be completed . . . in each case at the initial, reconsideration, [and] administrative law judge hearing . . . levels." *See* 20 C.F.R. § 404.1520a(d), § 416.920a(d) (emphasis supplied). "At the initial and reconsideration levels the standard document must be completed and signed by [a] medical consultant. At the administrative law judge hearing level, . . . [t]he administrative law judge may complete the document without the assistance of a medical advisor [or] . . . [t]he administrative law judge may call a medical advisor for assistance in preparing the document." *See* 20 C.F.R. § 404.1520a(d)(1), § 416.920a(d)(1). "For all cases involving mental disorders at the administrative law judge hearing . . . level[ ], the standard document *will* be appended to the decision." *See* 20 C.F.R. § 404.1520a(d)(2), § 416.920a(d)(2) (emphasis supplied). The parties agree that the document referred to by the regulations is called the Psychiatric Review Technique Form (PRTF).

In Mr. Montgomery's case, a PRTF was completed at the initial stage of his application for benefits, and reviewed and "affirmed as written" at the reconsideration stage. None was completed, however, at the hearing stage, and therefore none was attached to the administrative law judge's decision. (There is a one-page document included with

the administrative law judge's decision that is titled "Psychiatric Review Technique Form," but it contains none of the information required by the regulations. *See generally* 20 C.F.R. § 404.1520a, § 416.920a.)

■ Several appellate courts have held that an administrative law judge's failure to complete a PRTF is grounds for reversal and remand. *See, e.g., Stambaugh v. Sullivan,* 929 F.2d 292, 296 (7th Cir.1991), and *Hill v. Sullivan,* 924 F.2d 972, 975 (10th Cir.1991) *(per curiam )*. Our own circuit has suggested, though not held, that such a failure requires reversal and remand. *See Pratt v. Sullivan,* 956 F.2d 830, 834, 834 n. 8 (8th Cir.1992) *(per curiam )*. The district court acknowledged those authorities but concluded that the omission was harmless in this case, since the administrative law judge's questions to the vocational expert included the assumption that "the hypothetical person suffered from depression and the same physical ailments and limitations" that Mr. Montgomery described.

The administrative law judge's hypothetical to the vocational expert was spread throughout several questions and intervening discourse. We quote the relevant parts: "Now, I'm going to present to you a hypothetical question and I want you to consider someone the same age as Mr. Montgomery.... Let us assume that he has the same educational background ... and ... that he also has the same work experience that Mr. Montgomery has. Let us assume that he has been diagnosed as having degenerative disk disease ... and ... that he has experienced some depression in the past and has been treated for that; and that he has a history of alcoholism ... but ... for the past six months or so he has been in some remission on that.... And let us assume that this hypothetical person has all of the limitations, restrictions and pain that the claimant has testified here today ... would that person be able to do any of the jobs that the claimant has done in the past ... [or] any other jobs you know of?" After reviewing all of the exhibits submitted to the administrative law judge, we do not believe that his question to the vocational expert accurately summarized the nature of Mr. Montgomery's alleged mental impairments.

The disability examiner's consultation sheet, which apparently was submitted to the psychologist who was asked to complete Mr. Montgomery's PRTF at the initial stage of his application, remarks that Mr. Montgomery had a psychiatric evaluation in 1988 that resulted in a diagnosis of undifferentiated somatoform disorder. The psychiatric report from that evaluation states that "what this means is that the patient has one or more physical complaints ... [that stem from] some organic impairment, but have resulted in social and occupational impairment *far in excess* of what would be expected from the physical findings.... I also think that this patient suffers from mild depression, mostly related to his economic situation.... I do not think that this individual is likely to improve from his present condition" (emphasis supplied). The consultation sheet also notes treatment for depression in 1975 and 1988 and one suicide attempt. Hospital records from 1990 and 1991 that were submitted to the administrative law judge report "a history of depression," "severe suicidal thoughts in the past," and that Mr. Montgomery's "family history is significant inasmuch as his mother, his maternal grandfather and his paternal grandfather all died of suicide."

It is our view that the mental status described in the psychiatric report and the hospital records is not accurately summarized by one reference to having "experienced some depression in the past and [having] been treated for that." "Testimony elicited by hypothetical questions that do not relate *with precision* all of a claimant's impairments cannot constitute substantial evidence to support" an administrative law judge's decision to deny benefits. *Pratt,* 956 F.2d at 836 (emphasis supplied). In addition, an administrative law judge's "failure to examine the possibility that a psychological impairment aggravates [a claimant's] perception of pain" undermines any determination by that administrative law judge that the claimant's mental impairments are not disabling. *Id.* We therefore reject the district court's conclusion that the administrative law judge's failure to complete the PRTF was harmless under the circumstances; accordingly, we remand the case for further administrative proceedings.

On remand, we note that although the administrative law judge is authorized under the regulations to complete the PRTF himself, *see* 20 C.F.R. § 404.1520a(d)(1)(i), § 416.920a(d)(1)(i), the statute declares that "in any case where there is evidence which indicates the existence of a mental impairment," an administrative law judge may *not* make an initial determination that the claimant is not disabled unless the administrative law judge "has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." *See* 42 U.S.C. § 421(h); *see also Andrade v. Secretary of Health and Human Services,* 985 F.2d 1045, 1049 (10th Cir.1993) (reversing because the administrative law judge did not ask a psychiatrist or psychologist to complete the PRTF).

## II.

For the reasons stated, we reverse the district court and remand the case to the district court. We direct that court to remand the case to the government for further administrative proceedings.