_____

No. 95-2355
_____

Kimberly A. Miller,                    *
                                       *
          Appellant,                   *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  Northern District of Iowa.
Shirley S. Chater,                     *
Commissioner of the Social             *  [UNPUBLISHED]
Security Administration,               *
                                       *
          Appellee.                    *

_____

          Submitted:  December 15, 1995

             Filed:  February 1, 1996
_____

Before McMILLIAN and BEAM, Circuit Judges, and PERRY, District
     Judge.*
_____

PER CURIAM.


     Kimberly A. Miller appeals the district court's affirmance of
a denial of benefits by the Social Security Administration.  We
affirm.


     Miller is mildly mentally retarded and suffers from a
personality disorder (adjustment disorder with anxious mood).  She
was thirty-two years old at the time of her application for
benefits and has a high-school education as well as vocational
training as a nurse's aide.  She was formerly employed as a nurse's
aide, toy assembler, and housekeeper/cleaner.

_____

     *The Honorable Catherine D. Perry, United States District
     Judge for the Eastern District of Missouri, sitting by
     designation.

After her application was denied initially and on reconsideration, Miller appealed and a hearing was held before an administrative law judge (ALJ). The ALJ applied the five-step sequential analysis prescribed in the regulations. See 20 C.F.R. § 404.1520(a)-(f). In addition, the ALJ followed the special procedures for cases in which a claimant alleges mental impairments. See 20 C.F.R. § 404.1520a; § 416.920a; Montgomery v. Shalala, 30 F.3d 98, 99 (8th Cir. 1994). In order to find disability, the ALJ must determine whether: 1) the claimant is working; 2) the claimant's physical or mental impairments are severe; 3) the claimant's impairments prevent a resumption of past work; and 4) the claimant's impairments preclude any other type of work. Montgomery, 30 F.3d at 99. The special procedures for mental impairment claims also require either the ALJ or a psychiatrist to complete a Psychiatric Review Technique Form (PRTF). See 20 C.F.R. § 404.1520a(d)(2); Hardy v. Chater, 64 F.3d 405, 408 (8th Cir. 1995).

The ALJ found that the evidence established that Miller has decreased intellectual functioning and an adjustment disorder with anxious mood but that she does not have a presumptively disabling disorder under 20 C.F.R. § 404.1525(a); 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A § 12.00 (the Listing of Impairments). The listing for presumptively disabling mental retardation requires an intelligence-quotient (I.Q.) test score under 59 or under 70 in combination with other disabling conditions. Id. at 12.05(A)-(D). Miller was tested several times and her full-scale I.Q. test scores were 64 in 1977, 74 in 1980 and 73 in 1991. The ALJ found that the limitations imposed by Miller's conditions would not preclude her return to her past work as a housekeeper or a toy assembler. In making these conclusions, the ALJ consulted and relied on the examinations of several psychologists and psychiatrists. The ALJ

-2-

relied on the intelligence test score from 1980.[1]  The ALJ also elicited the testimony of a vocational expert who testified that a claimant with Miller's limitations could meet the demands of work as a toy assembler or a housekeeper.  Accordingly, the ALJ found that Miller was not under a disability as defined in the Social Security Act.

The district court affirmed the ALJ'S finding, noting that the ALJ properly considered and discounted certain of Miller's intelligence test scores and properly considered Miller's limitations regarding stress and anxiety.

Miller contends that the ALJ and the district court erred in discounting certain consultative medical sources which caused the ALJ to pose faulty hypothetical questions to the vocational expert. She challenges the ALJ's use of a stress scale with a range of one to ten when posing the hypothetical to the vocational expert.  On appeal we affirm the district court if the ALJ's decision is supported by substantial evidence on the record as a whole. Montgomery v. Chater, 69 F.3d 273 (8th Cir. 1995).

We have carefully reviewed the record and find substantial evidence supports the ALJ's decision.  The ALJ properly discounted intelligence test scores the validity of which had been questioned by the psychologists who had administered the tests as inconsistent with Miller's educational history.  Also, the hypothetical posed by the ALJ included all of Miller's impairments found credible by the ALJ.  The use of a stress scale is an acceptable shorthand for identifying a claimant's stress tolerance.  Id. at 275.  In this case, psychiatric reports support the ALJ's conclusion that Miller could endure a stress level of three on a scale of one to ten.  We

---

[1]The ALJ discounted the other intelligence test scores because the psychologists who administered the tests questioned whether the tests accurately represented Miller's I.Q. in consideration of her academic achievements.

find that the record supports the ALJ's conclusion that Miller could perform her past relevant work as a toy assembler or a housekeeper/cleaner.  We affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.