_____

No. 95-2333
_____

Gerald W. Stevens,                    *
                                      *
        Appellant,                    *
                                      *  Appeal from the United States
    v.                                *  District Court for the
                                      *  Northern District of Iowa.
Shirley S. Chater,                    *
Commissioner of the Social            *  [UNPUBLISHED]
Security Administration,              *
                                      *
        Appellee.                     *

_____

        Submitted:  December 15, 1995

          Filed:  February 1, 1996
_____

Before McMILLIAN and BEAM, Circuit Judges, and PERRY, District
    Judge.*
_____

PER CURIAM.


    Gerald W. Stevens appeals the district court's affirmance of
a denial of benefits by the Social Security Administration.  We
affirm.


    Stevens alleges that he is disabled by reason of depression,
leg weakness, stomach ulcers, and anemia.  He also has a history of
drug and alcohol abuse.  At the time of his application, he was
thirty-eight years old and had been previously employed as a hide
worker, forge worker, and janitor.

_____

        *The Honorable Catherine D. Perry, United States District
        Judge for the Eastern District of Missouri, sitting by
        designation.

After his application was denied initially and on reconsideration, Stevens appealed and a hearing was held before an administrative law judge (ALJ). The ALJ applied the five-step sequential analysis prescribed in the regulations. See 20 C.F.R. § 404.1520(a)-(f). In addition, the ALJ followed the special procedures for claimants alleging mental impairments. See 20 C.F.R. § 404.1520a; § 416.920a; Montgomery v. Shalala, 30 F.3d 98, 99 (8th Cir. 1994). In order to find a claimant disabled, the ALJ must determine whether: 1) the claimant is working; 2) the claimant's physical or mental impairments are severe; 3) the claimant's impairments prevent a resumption of past work; and 4) the claimant's impairments preclude any other type of work. Montgomery, 30 F.3d at 99. The special procedures for mental impairment claims also require either the ALJ or a psychiatrist to complete a Psychiatric Review Technique Form (PRTF). See 20 C.F.R. § 404.1520a(d)(2); Hardy v. Chater, 64 F.3d 405, 408 (8th Cir. 1995).

The ALJ found that Stevens's testimony that his symptoms prevent him from engaging in any work activity were not credible. The ALJ noted that Stevens's daily activities are not consistent with someone who is unable to tolerate competitive employment. In reaching that conclusion, the ALJ sought and considered the opinions of mental health professionals. The ALJ also elicited the testimony of a vocational expert who stated that although a claimant with Stevens's limitations could not return to his previous work, there are a number of unskilled jobs, such as a bench assembler, marker/labeler, and inspector/hand packager, that a claimant with Stevens's limitations could perform.

The district court affirmed the ALJ's finding, noting that the ALJ properly discounted the testimony of Stevens's girlfriend as biased and properly considered Stevens's limitations regarding stress and anxiety.

Stevens contends that the district court and the ALJ erred in discounting and ignoring the findings of consultative medical sources and consequently posing a faulty hypothetical question to the vocational expert.  On appeal, we affirm the district court if the ALJ's decision is supported by substantial evidence on the record as a whole.  Montgomery v. Chater, 69 F.3d 273 (8th Cir. 1995).

We have carefully reviewed the record and find that substantial evidence supports the ALJ's decision.  The ALJ properly considered the consultative psychiatric reports and concluded, like the mental health professionals, that, although Stevens's condition prevents performance of complex and detailed tasks, he has very few restrictions concerning work of an unskilled nature.  The hypothetical posed by the ALJ included all impairments he found credible.  The use of a stress scale is an acceptable shorthand for identifying a claimant's stress tolerance.  Id. at 275.  In this case, psychiatric reports support the ALJ's conclusion that Stevens could endure stress on a level of three to four on a scale of one to ten.  We find that the record supports the ALJ's finding that Stevens could perform unskilled work that exists in the local and national economy.  We affirm.

A true copy.

    Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.