**Sandra METCALF, Plaintiff,**

v.

**John J. CALLAHAN, Defendant.**

**Civil No. 3-96-CV-10146.**

United States District Court,
S.D. Iowa,
Davenport Division.

·June 19, 1997.

---

Michael Depree, John Bowman, Bowman & Depree, Davenport, IA, for Plaintiff.

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff Sandra Metcalf seeks review of the Commissioner of Social Security's decision denying her Social Security benefits. Metcalf asserts that she is entitled to benefits under both Title II of the Social Security Act (Disability Insurance Benefits) and Title XVI of the Social Security Act (Supplemental Security Income). Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Commissioner.

## I. PROCEDURAL HISTORY

Sandra Metcalf, presently age 37, filed her applications for disability insurance benefits on December 14, 1993, alleging an inability to work since January 22, 1993. Metcalf's application was initially denied on February 3, 1994. On reconsideration, Metcalf was again denied benefits on June 28, 1994.

Pursuant to a timely request, a hearing was held on May 4, 1995, before an Administrative Law Judge ("ALJ"). On October 13, 1995, the ALJ found that Metcalf was not under a disability as defined by the Act. On August 29, 1996, the Appeals Council denied Metcalf's request for review. This action for review of the Commissioner's decision was commenced on October 4, 1996.

## II. FINDINGS OF THE COMMISSIONER

The ALJ made the following findings. (Tr. 24–25). Metcalf met the special earnings requirements of the Act on the date she alleges she became unable to work and continued to meet them only through September 30, 1993. Metcalf has not engaged in substantial gainful activity since the date she alleges she became disabled.

The ALJ further concluded that Metcalf has severe impairments of connective tissue disease, history of asthma, and history of iritis, but that she does not have an impairment or combination of impairments listed on, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ determined that Metcalf's allegations regarding her functional restrictions were not credible, due to the numerous inconsistencies in the record as a whole.

The ALJ found that Metcalf had the following residual functional capacity ("RFC"):

[Metcalf] retains the residual functional capacity to perform work-related activities except for work involving lifting more than 20 pounds occasionally or 10 pounds more frequently. She should not be in positions where there is constant, repetitive bending or stooping. She is able to sit and/or stand up to two hours at a time before the usual breaks. That is, the restrictions on standing and sitting are only applicable insofar as that after two hours, she should have the normal breaks. Ms. Metcalf is able to walk up to 30 minutes at a time.[1] She can use her hands and arms but she cannot write for long periods of time. There are no mood, memory, or concentration deficits. She has no medication side effects. The claimant can get along with people and relate to supervisors and co-workers. She can work for eight hours a day, 40 hours a week.

The ALJ determined that Metcalf could return to her past relevant work as a sales-clerk and housecleaner because these jobs did not require the performance of work-related activities precluded by her limitations. Accordingly, the ALJ concluded that Metcalf was not under a disability as defined in the Act at any time through the date of the ALJ's determination.

## III. ANALYSIS

### A. Legal Standard

 A court must affirm the decision of the Commissioner if the decision is not based on legal error and if there is substantial evidence on the record as a whole to support the decision. *Long v. Chater*, 108 F.3d 185, 186 (8th Cir.1997) (citation omitted); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir.1996). "Substantial evidence is that which a reasonable mind might accept as adequate to support the [Commissioner's] conclusion." *Whitehouse v. Sullivan*, 949 F.2d 1005, 1007 (8th Cir.1991). A court may not reverse merely because some evidence would have supported an opposite decision. *Gaddis v. Chater*, 76 F.3d 893, 895 (8th Cir.1996).

Metcalf asserts that the Commissioner erred in finding that she could return to work as a sales clerk or cleaner/housekeeper as it is performed in the national economy.

---

1. In the ALJ's findings, he states that Metcalf is able to walk for 20 minutes at a time. (Tr. 24). However, in the body of the opinion and in the hypothetical presented to the Vocational Expert, the ALJ indicated that Metcalf was able to walk up to 30 minutes at a time. (Tr. 22, 79). Therefore, it appears to the Court that the ALJ determined that Metcalf was able to walk for 30 minutes at a time, rather than 20 minutes.

In addition, Metcalf argues that the ALJ was inappropriately biased or otherwise erred in discounting her testimony.

### B. Vocational Expert Testimony

After determining Metcalf's RFC, the ALJ then turned to a Vocational Expert ("VE") for a listing of jobs available in the national and regional economy which are compatible with the limitations contained in Metcalf's RFC. In accordance with his determination regarding Metcalf's RFC, the ALJ asked the VE to assume, among other factors, that Metcalf could stand up to two hours at a time before the usual breaks and that she is able to walk up to 30 minutes at a time. (Tr. 22, 78). The ALJ also asked the VE to consider Metcalf's age, education, and past work experience. (Tr. 78). After consulting the Dictionary of Occupational Titles, the VE testified that Metcalf could perform light work as a salesclerk and housecleaner. Based in part on this testimony, the ALJ concluded that Metcalf could return to her past relevant work as a salesclerk or housecleaner. Metcalf asserts that the Commissioner's determination is not supported by substantial evidence because the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT").

■ According to the Commissioner's regulations, light work "requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b).[2] A social security ruling specifies that "the full range of light work requires *standing or walking, off and on, for a total of approximately 6 hours* of an 8–hour workday. Sitting may occur intermittently during the remaining time." Social Security

Ruling 83–10, 1983 WL 31251 (S.S.A.), at *6 (emphasis added). "This ruling is as binding on the [Commissioner] as the regulation on which it is based." *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir.1994) (citing 20 C.F.R. § 422.406(b)(1)). The parties agree that the VE's testimony stating that Metcalf could be employed as a salesclerk or housecleaner, given her walking and standing limitations, conflicts with the express requirements of light duty work specified in the DOT. *See Allen v. Sullivan*, 977 F.2d 385, 390 (7th Cir.1992) (indicating that pursuant to SSR 83–10, the performance of light work requires an ability to stand and walk for a total of six hours of an eight hour day).

■ Generally, when expert testimony conflicts with the DOT, it is the DOT which controls. *Porch v. Chater*, 115 F.3d 567, 570–71 (8th Cir.1997) (citing *Montgomery v. Chater*, 69 F.3d 273, 276 (8th Cir.1995)). However, "a Dot definition of a particular job represents only the approximate maximum requirements for each position, rather than the range." *Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir.1996) (citing *Jones v. Chater*, 72 F.3d 81, 82 (8th Cir.1995)). "The DOT classifications may be rebutted ... with VE testimony which shows that particular jobs, whether classified as light or sedentary, may be ones that a claimant can perform." *Montgomery*, 69 F.3d at 276 (citation and internal quotation omitted); *see Carlson*, 74 F.3d at 871.

■ In rebutting the DOT classification, the VE testimony must acknowledge a claimant's limitations and testify as to the existence of jobs which have lower requirements than those listed in the DOT.[3] *See Mont-*

---

**2.** "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

**3.** Contrary to the Commissioner's contention, it is not sufficient for the VE to have generally considered the claimant's RFC, age, education, and past work experience in reaching his determination. Rather, the VE must have specifically testified regarding the reasons for his deviations from the job traits of the DOT. *See Montgomery*, 69 F.3d at 275–77 (concluding that it was not sufficient for the VE to have generally considered the claimant's limitations, age, education, and past work experience in concluding that a claimant could perform a job when the claimant's limitations conflicted with the job requirements listed in the DOT).

*gomery,* 69 F.3d at 277 (finding that the ALJ could not rely on the testimony of the VE where the DOT positions identified by the VE as being available to the claimant were not consistent with the claimant's RFC and the "VE did not testify that the job traits of the position identified varied from the way the DOT described them"); *Carlson,* 74 F.3d at 871 (finding no error where the VE specifically noted that some DOT job classifications required less severe restrictions that were compatible with the claimants stated impairments); *Jones,* 72 F.3d at 82 (finding no error in the VE's testimony regarding the DOT positions available to the claimant because the VE specifically limited his opinion to reflect only jobs requiring lifting restrictions that were consistent with the claimant's limitations even though the medium and light work categories contained in the DOT may not have been consistent with her RFC); *Hughes v. Chater,* 931 F.Supp. 625, 628 (N.D.Iowa 1996) ("[W]here the ALJ acknowledges a claimant's limitations and testifies as to the existence of jobs which have lower requirements than those listed in the DOT, it is not error for the ALJ to rely on such testimony.") (citation omitted). In the present case, the VE failed to testify that the job traits of the salesclerk and/or housecleaner positions varied from the way the DOT described them. The VE specifically indicated that Metcalf would be able to perform the salesclerk and/or housecleaner positions as they exist in the national economy. (Tr. 81). As a result, the Commissioner may not rely on the VE's testimony. *See Montgomery,* 69 F.3d at 276–77 (ALJ could not rely on the VE's testimony where the VE indicated that the claimant could be employed in DOT's positions which conflicted with the claimant's limitations and the VE failed to testify that the "job traits of the positions varied from the way the DOT described them"); *see also Porch,* 115 F.3d at 570–71 (concluding that the VE's testimony did not constitute substantial evidence where the DOT positions identified by the VE were not consistent with the claimant's limitations). Accordingly, the Court concludes that the ALJ's determination that Metcalf could return to her past relevant work as a salesclerk or housecleaner is not supported by substantial evidence on the record as a whole.

## IV. CONCLUSION

The ALJ's conclusion that Metcalf could perform her past relevant work as a salesclerk or housecleaner is not supported by substantial evidence on the record as a whole. On remand, the ALJ must determine whether Metcalf is able to perform her past relevant work or is otherwise disabled. For this determination, the ALJ may take into consideration the testimony of the VE if he properly considers Metcalf's limitations and determines that the positions of salesclerk and/or housecleaner have lower requirements than those listed in the DOT.

Based on the foregoing, IT IS ORDERED that the decision of the Secretary is **reversed** and the case is **remanded** for further proceedings consistent with this order. The Clerk of Court shall immediately enter judgment for plaintiff which triggers the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).