IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30658
Summary Calendar
_____

MARION W. BYRD, III,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 00-CV-1204)
_____

January 14, 2003

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marion W. Byrd III appeals the Commissioner's decision to

deny his claim for disability benefits, and generally argues that the administrative law

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judge ("ALJ") erred in not evaluating evidence of his mental illness in accordance with applicable federal regulations. To the extent that the ALJ fell into error, we conclude that such error did not affect the Commissioner's decision to deny benefits and therefore did not affect Byrd's substantial rights either. Accordingly, the judgment of the district court is affirmed.

1. Under the 1996 Code of Federal Regulations, which both sides agree governs this dispute, the ALJ must affix a completed "Psychiatric Review Technique Form" ("PRTF") to its decision in all cases involving mental disorders. See 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2) (1996). A PRTF describes the claimant's symptoms and functional limitations and the effects of treatment. See id. §§ 404.1520a(a), 416.920a(a). Other courts of appeals have concluded that failure to complete a PRTF is reversible error. See Montgomery v. Shalala, 30 F.3d 98, 100 (8th Cir. 1994); Stambaugh v. Sullivan, 929 F.2d 292, 296 (7th Cir. 1991); Hill v. Sullivan, 924 F.2d 972, 975 (10th Cir. 1991) (per curiam). In each of those decisions, however, the ALJ failed to fully consider evidence of the claimant's mental impairment. In this case, the ALJ agreed that Byrd had a severe mental impairment, but nevertheless found that Byrd had "the capacity for a wide range of light work," and that his "past work as a janitor did not require the performance of duties precluded by [his] impairments." The ALJ relied on the opinion of an evaluating physician who found that Byrd was able "to engage in some form of employment," mental illness notwithstanding. In essence, the ALJ conducted the same kind of comprehensive examination she would have had she completed the PRTF.

2

Failure to complete the PRTF therefore did not affect Byrd's substantial rights.  See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam); cf. Fountain v. R.R. Ret. Bd., 88 F.3d 528, 532-33 (8th Cir. 1996) (holding that the ALJ's failure to complete a PRTF is harmless error where evidence of mental impairment is insubstantial).

2.     To qualify for disability benefits the claimant must show that he has one of the impairments listed in appendix 1 to 20 C.F.R., part 404, subpart P.  See 20 C.F.R. §§ 404.1520, 416.920 (1996).  Bipolar disorder is one of the listed impairments, though the ALJ made no express mention of Byrd being afflicted with it.  Section 12.04 to appendix 1 describes "affective disorders."  To qualify under § 12.04, the claimant must have been diagnosed with one of the conditions described in 12.04A, and exhibit two or more symptoms listed in 12.04B.  Bipolar disorder is included among the conditions in 12.04A.  In affirming the decision of the ALJ, the appeals council concluded that Byrd met the requirement of 12.04A.  The basis for denying benefits was not that Byrd did not have one of conditions in 12.04A, but instead that he did not show two or more of the symptoms in 12.04B.  In making this latter finding, the ALJ considered all evidence of the effects of Byrd's impairments, and there is no suggestion that particular symptoms unique to bipolar were ignored.  Therefore, any error in not mentioning bipolar was harmless.

AFFIRMED.