# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1697
_____

Loretta J. Roland,              *
                                  *
           Appellant,       *
                                  *    Appeal from the United States
    v.                             *    District Court for the
                                  *    Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,   *
Social Security Administration,       *    [UNPUBLISHED]
                                  *
           Appellee.        *

_____

Submitted: November 5, 2004
Filed: November 10, 2004
_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.
_____

PER CURIAM.

Loretta Roland appeals from the district court's[1] order affirming the Social Security Commissioner's denial of her applications for benefits. For the reasons that follow, we affirm.

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Roland underwent surgery for a herniated disk in April 2000. She later sought disability insurance benefits and supplemental security income, claiming she could no longer work, primarily because of residual back and left-leg pain. Following a hearing, an administrative law judge (ALJ) found that Roland--who was 45 years old on her alleged onset date, and had a high school education--was able to perform light work and thus was not disabled. The ALJ relied on the Medical-Vocational Guidelines (Grids). See 20 C.F.R. §§ 404.1569, 416.969, and Subpt. P, App. 2, Rule 202.14 (2004). After the Appeals Council denied Roland's request for review, she sought review in federal court, and the district court entered judgment in favor of the Commissioner.

Following careful review, we conclude that the ALJ's decision is supported by substantial evidence on the record as a whole. See Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004) (standard of review). Specifically, the ALJ was entitled to rely on the Grids, because the record supports the ALJ's finding that Roland's nonexertional impairments do not significantly diminish her residual functional capacity (RFC) to perform light work. See Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988) (if ALJ determines that claimant's nonexertional limitations do not affect her RFC, then ALJ may rely on Grids to direct conclusion of disabled or not disabled without resorting to vocational expert's testimony). In addition, the ALJ partially discounted for legally sufficient reasons Roland's complaints of pain. See Reynolds v. Chater, 82 F.3d 254, 258-59 (8th Cir. 1996) (when complaints of pain are explicitly discredited for legally sufficient reasons, Grids may be used); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). Further, the award of disability benefits by the insurer of Roland's former employer, while relevant, was nonbinding on the ALJ, and the ALJ's failure to discuss the award is not a basis for reversal. See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995).

Accordingly, we affirm the judgment of the district court.
_____