# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2085

_____

Nicole Dobbins,                             *
                                            *
            Appellant,                      *
                                            *
    v.                                      *  Appeal from the United States
                                            *  District Court for the
Jo Anne B. Barnhart, Commissioner,          *  Eastern District of Arkansas.
Social Security Administration,             *
                                            *
                                            *       [UNPUBLISHED]
            Appellee.                       *

_____

Submitted:  May 26, 2006
Filed: May 31, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nicole Dobbins (Dobbins) appeals the district court's[1] decision upholding the Commissioner's denial of her application for disability insurance benefits. Dobbins argues the administrative law judge (ALJ) erred by relying on the vocational expert's (VE) testimony Dobbins could perform the work of a surveillance-system monitor,

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

even though Dobbins can sit for only three to four hours per eight-hour work day. Dobbins argues the VE testified that surveillance-system monitor is an unskilled sedentary job, classified as involving six hours of sitting in an eight-hour day, and conceded on cross-examination an individual who cannot sit for six hours in an eight-hour day is not capable of performing sedentary work under the definitions in the Dictionary of Occupational Titles (DOT).[2] Thus Dobbins concludes, because the VE did not adequately explain the discrepancy, the DOT controls and establishes she is disabled.

We affirm the Commissioner's final decision if it is supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but enough that a reasonable mind might accept as adequate to support the ALJ's conclusions, taking into consideration evidence that detracts from as well as supports those conclusions. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000). When VE testimony conflicts with the DOT, the DOT controls when the DOT classifications are not rebutted. See Porch v. Chater, 115 F.3d 567, 572 (8th Cir. 1997). The DOT classifications may be rebutted with VE testimony which demonstrates specific jobs "'whether classified as light or sedentary, may be ones that a claimant can perform.'" See Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000) (quoting Montgomery v. Chater, 69 F.3d 273, 276 (8th Cir. 1995)).

In this case, the VE explained, although the DOT indicated a claimant performing a surveillance-system monitor job would be required to sit six hours, not all employers would require such sitting abilities and from an employer's standpoint, a person would not have to sit for six hours out of an eight-hour workday to perform the work of a surveillance-system monitor. The VE based these findings on his consultation with an alarm company that gave him "estimated numbers on

---

[2]According to the DOT, a surveillance-system monitor is a sedentary job that involves sitting most of the time. See U.S. Dep't of Labor, DOT § 379.367-010 (4th ed. 1991).

surveillance system monitors" along with their job duties. Therefore, we hold the VE's testimony adequately rebutted the DOT's classification. See Wheeler v. Apfel, 224 F.3d 891, 896-97 (8th Cir. 2000) (rejecting claimant's challenge to ALJ's reliance on VE's testimony--i.e., DOT descriptions for jobs VE identified allegedly were inconsistent with ALJ's residual functional capacity findings--as VE responded to hypothetical that included all of claimant's restrictions; DOT definitions are merely generic job descriptions that approximate maximum requirements for each position; and DOT cautions descriptions may not coincide in every respect with content of jobs as performed in specific establishments or localities).

We conclude the Commissioner's final decision is supported by substantial evidence on the record as a whole, and the judgment is affirmed.

_____