**John R. SMITH, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 94–1399.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1994.

Decided Jan. 30, 1995.

John August Bowman, Davenport, IA, argued (Michael DePree, on the brief), for appellant.

John Beamer, Asst. U.S. Atty., argued, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

WOLLMAN, Circuit Judge.

In this Social Security disability case, John R. Smith appeals the denial of benefits for the period from June 16, 1991, to May 5, 1993, the date on which he was awarded disability benefits under his second application for such benefits. We reverse and remand for an award of benefits.

## I

Smith's first argument is that he qualifies as a worn-out worker under 20 C.F.R. § 404.1562. That rule in pertinent part provides that "[i]f you have only a marginal education and work experience of 35 years [at] arduous unskilled physical labor, and you are ... no longer able to do this kind of work ... we will consider you ... disabled." Section 1562. "Marginal education means abilit[ies] ... which are needed to do simple, unskilled ... jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. § 404.1564(b)(2) (section 1564). (Seventh through 11th grade is termed "limited education." Section 1564(b)(3).) The regulations make clear, however, that classroom years are not the final word in determining education level: "the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no evidence to contradict it, we will use your numerical grade level to determine your educational abilities." Section 1564(b).

The regulations provide that the ALJ must develop information concerning a claimant's education by asking about school attendance, oral and written verbal skills, and ability to do simple calculation. Section 1564(b)(6). Here, the ALJ made such inquiries; Smith testified that he attended school at least through the eighth grade. Smith in essence argues that even when the inquiries mandated by section 1564(b)(6) result in no evidence of the difficulty in basic daily activities that might be expected in a person with marginal education, a claimant's school attendance can be discounted. We disagree.

Smith testified that he can read and do simple calculations. Nowhere in the record is there any evidence that Smith does not have the skills expected from a limited education; therefore, Smith's grade level controls. Section 1564(b). Smith has a limited rather than a marginal education. For this

reason, the worn-out worker rule of section 1562 does not apply.

## II

■ Smith next contends that he could not in fact perform the work that the ALJ said he could. The ALJ determined Smith could do jobs such as hand packager and production assembler. This determination was based on a vocational expert's testimony. The expert identified each job by its listing in the *Dictionary of Occupational Titles,* a Labor Department guide to job ability levels which has been approved for use in Social Security disability cases. Section 1566(d)(1).

Smith points out that the hand packager job is categorized as a medium job, EMPLOYMENT AND TRAINING ADMIN., U.S. DEPT. OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES § 920.587–018 (Fourth Ed., Rev. 1991) (hereafter *DOT* ), and that the *DOT* establishes that medium jobs require the ability to lift 20 to 50 pounds occasionally, *id.,* Appendix C at 1013. The ALJ determined that Smith could not lift more than 20 pounds, and so we find the hand packaging job as defined by the *DOT* is beyond Smith's capacity.

The job of production assembler, *DOT* § 706.687–010, is within the lifting capacity assigned to Smith by the ALJ. *See* EMPLOYMENT AND TRAINING ADMIN., U.S. DEPT. OF LABOR, SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE REVISED DOT, Part A at 281 (1993) (*SCO* ) (listing functional requirements for production assembler). A review of the *SCO* shows that the production assembly job, contrary to Smith's arguments, requires no kneeling and only occasional stooping and crouching, (*SCO* at 281); these limitations are consistent with those outlined in the ALJ's hypothetical questions to the vocational expert.

However, careful review of the *SCO* listing for the production assembly job shows that while the ALJ specified in his questioning that Smith was missing most of two fingers on his left hand and thus had a loss of finger dexterity and manipulation, the production assembly job requires frequent fingering, (*SCO* at 281). (There is also evidence that Smith cannot close his left hand, and that the other fingers on that hand remain weakened). Fingering is defined as "[p]icking, pinching, or otherwise working primarily with fingers rather than with the whole hand or arm...." *Id.,* Appendix C at C–3. This requirement of frequent fingering is beyond the limitations assigned to Smith in the ALJ's hypothetical questions.

■ Smith is correct in arguing that when expert testimony conflicts with the *DOT,* the *DOT* controls. *Campbell v. Bowen,* 822 F.2d 1518, 1523 n. 3 (10th Cir.1987); *Tom v. Heckler,* 779 F.2d 1250, 1255 (7th Cir.1985); *Mimms v. Heckler,* 750 F.2d 180, 186 (2nd Cir.1984); *see also McCoy v. Schweiker,* 683 F.2d 1138, 1145–46 (8th Cir.1982) (stating that "in the general run of cases" the *DOT* is more reliable than a vocational expert). Here, the vocational expert's testimony in response to the ALJ's hypothetical questions is at odds with the *DOT* and *SCO* with respect to both the hand packaging job and the production assembly job.

Once a disability claimant has shown he cannot do his past work, the burden shifts to the Secretary to show that the claimant can perform other work. *E.g., Hajek v. Shalala,* 30 F.3d 89, 93 (8th Cir.1994). It is undisputed that the burden here has shifted to the Secretary; were this not the case, our result might be different. *See Evans v. Shalala,* 21 F.3d 832 (8th Cir.1994); *Martin v. Sullivan,* 901 F.2d 650 (8th Cir.1990). The Secretary has not carried that burden here, and we therefore reverse and remand with directions that the case be remanded to the Secretary for an award of benefits as prayed for in Smith's application.