**Carol JONES, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 3–94–CV–10053.**

United States District Court, S.D. Iowa, Davenport Division.

March 29, 1995.

John A. Bowman, Wells, Bowman & Smith, Davenport, IA, for plaintiff.

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, IA, for defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Secretary of Health and Human Services' decision denying her Social Security benefits. Claimant asserts she is entitled to benefits under Title II of the Social Security Act (Disability Insurance Benefits) and benefits under Title XVI of the Social Security Act (Supplemental Security Income). Pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), this court may review the final decision of the Secretary.

## I. PROCEDURAL HISTORY

Jones, currently age 48, applied for Social Security benefits on March 11, 1992, alleging disability since August 15, 1989.[1] She was denied benefits and reconsideration of that decision. Pursuant to a timely request, a hearing was held May 19, 1993, before an Administrative Law Judge (ALJ). The ALJ found the claimant was not under a disability as defined by the Act. On March 24, 1994, the Appeals Council refused the request for review, and the decision of the ALJ is the final decision of the Secretary. This action for review of the Secretary's decision was commenced May 25, 1994.

## II. FINDINGS OF THE SECRETARY

In 1987, the claimant fell and broke her left ankle. After a number of surgeries she continues to have pain in her ankle. She also suffers from back pain and a rheumatic heart which is controlled with medication. Despite these severe impairments, the ALJ found the claimant had the following residual functional capacity (RFC) to perform work:

> she can lift 15 pounds maximum and 10 pounds repeatedly. She can stand 15 to 30 minutes at a time. She can sit one to one and one-half hours at a time. She can walk up to seven blocks at a time. She must avoid repetitive bending, stooping, squatting, kneeling, climbing, and use of foot controls with her left lower extremity. She must avoid heights, vibration, cold and damp conditions, and moving machinery. Due to the effects of medications, she is not able to do very complex/technical work or work requiring constant, close attention to detail. Furthermore, as a result of medication side effects, she needs occasional supervision.

Tr. at 21. Based on this RFC, the ALJ found the claimant was able to perform jobs existing in significant numbers in the national economy, including hand packager, bench assembly, telephone answering service operator, and food order clerk. Tr. at 22. Therefore, the ALJ found the claimant was not disabled as defined by the Act.

1. The ALJ found, however, that the claimant had engaged in substantial gainful activity from that date until March 9, 1992. The claimant does not

## III. DISCUSSION OF APPLICABLE LAW

■ A court must affirm the decision of the Secretary if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion." *Whitehouse v. Sullivan,* 949 F.2d 1005, 1007 (8th Cir.1991). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan,* 968 F.2d 725, 727 (8th Cir.1992).

Plaintiff contends the Secretary's decision is not based on substantial evidence for three reasons. First, she argues the ALJ wrongly discredited her credibility based on the fact that she was applying for unemployment benefits. Second, she asserts the hypothetical given to the vocational expert was flawed. Finally, she maintains that it was improper to not give the opinion of her chiropractor the weight of a treating source.

In her reply brief, the plaintiff also requests that she be allowed to view materials or have the court review *in camera* materials which were withheld by the Secretary when responding to the plaintiff's Freedom of Information request. Also raised in the reply brief is Jones' position that the Secretary's decision must be remanded because the Appeals Council Judge did not review the complete file before denying review.

### A. Credibility of Plaintiff

The claimant filed for unemployment compensation in September 1992. In the body of his decision, the ALJ stated "[t]he receipt of unemployment compensation generally requires a person to seek out job opportunities from at least two different employers several times per month. The search for work impliedly indicates the willingness and ability to work." Tr. at 17. The ALJ used this as one factor which weighed against her allegation of total disability.

appeal that finding. Thus, the relevant date of onset is March 9, 1992.

■ The claimant argues it was improper to discount her credibility based on her application for unemployment benefits. However, "[a] claimant may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold himself out as available, willing and able to work." *Jernigan v. Sullivan*, 948 F.2d 1070 (8th Cir.1991) (citations omitted). It was not error for the ALJ to consider the claimant's application for unemployment benefits as one basis for discrediting the claimant's allegations of disabling pain.

### B. Hypothetical

■ In response to hypotheticals given by the ALJ, the vocational expert testified the claimant was capable of jobs in the national economy, including bench assembly, parking booth cashier, hand packager, and food order clerk. Tr. at 103–06. Jones argues these suggested occupations are not consistent with her impairments.

The claimant first asserts that the ALJ recognized the claimant's limitation of no pushing or pulling of more than one to two hours per day.[2] Tr. at 102. This inability to do significant amount of pushing or pulling limits a claimant to sedentary work. The claimant contends that by definition under the Dictionary of Occupational Titles, the jobs of hand packager and bench assembly require a significant amounts of pushing and pulling. However, when asked whether the hand packager and bench assembly positions were for medium, light or sedentary categories, the vocational expert responded that he only identified positions and their respective numbers which would be categorized as sedentary. Tr. at 104. This is substantial evidence in the record which supports the Secretary's decision that the claimant is capable of performing jobs which exist in the national economy. *See Evans v. Shalala*, 21 F.3d 832, 835 (8th Cir.1994) (Secretary has burden to prove jobs exist in economy which claimant can perform).

Because the Secretary has made this showing, it is not necessary to address the claimant's other contentions regarding whether the telephone answering service operator or food order clerk were jobs which the claimant could perform or were available to her.

### C. Chiropractor Opinion

The claimant's ankle injuries were treated by Dr. Peter C. Rink, D.O. It was his observation that based on her ankle impairment only, Jones could

> lift light loads and carry light loads but only for short distances. She may have some trouble with walking and as stated previously, mostly from endurance. No trouble with standing or sitting. Stooping, climbing, kneeling, crawling may give her some difficulty. Otherwise I see no problem with handling, seeing, hearing, speaking, traveling or work environment.

Tr. at 254.

The claimant sought further treatment at the Spine Diagnostic and Treatment Center associated with the University of Iowa Hospitals and Clinics. Although she was initially examined by Dr. Weinstein and a team of others, she did not return for further treatment. Based on this single evaluation, Dr. Weinstein also completed a Medical Assessment of Residual Functional Capacity form. He opined that the claimant could only lift 20 pounds maximum and 10 pounds frequently. Tr. at 281. He did not find, however, that Jones would be required to lie down during the week day. Tr. at 282.

Jones was further treated by a chiropractor, Louis J. Diamond, who also completed a Medical Assessment of Residual Functional Capacity form on behalf of Jones. Tr. at 266–269. In it he stated that the claimant's condition required her to lay down one to two hours per day during an eight hour work day. Tr. at 267.

■ The ALJ gave great weight to the opinion of Jones' treating physician, Dr. Rink. However, he did not give equal weight to the opinion of her treating chiropractor. The claimant asserts this was error, and that the opinions of treating chiropractors should be afforded the same weight as another treating source. Jones has attached copies

2. This restriction was not included in the ALJ's findings at the conclusion of his decision.

of articles and cases from other jurisdictions which make a strong argument in support of her position.

Although the Eighth Circuit has not directly addressed this issue, it has strongly implied that treating chiropractors are not afforded the same weight as other physicians. *See Walker v. Shalala*, 993 F.2d 630, 632 n. 2 (8th Cir.1993) ("the Secretary does not acknowledge chiropractors as 'acceptable medical sources,' 20 C.F.R. § 404.1513, and their opinions are therefore accorded less weight than those of medical doctors."). It was not error for the ALJ to give less weight to the opinion of Dr. Diamond on the basis that he is not a recognized treating source.

### D. Plaintiff's Reply and Response [3]

#### 1. Appeals Council Review

■ The federal district court has jurisdiction to hear any final decision of the Secretary made after a hearing. 42 U.S.C. § 405(g).[4] The ALJ's determination is the Secretary's final decision unless the Appeals Council grants review. 20 C.F.R. § 404.981. Review by the Appeals Council is only available under the limited circumstances of either (1) abuse of discretion by the ALJ; (2) error of law; (3) the decision of the ALJ is not supported by substantial evidence; or (4) a broad policy or procedural issue which affects general public interest. 20 C.F.R. § 404.970(a). The Appeals Council must also grant review if new and material evidence is submitted. 20 C.F.R. § 404.907(b).

■ The claimant asserts the Appeals Council judge did not review the full record from the ALJ but instead only the vocational expert testimony was reviewed, and then only by a staff member. Jones argues that failure to consider all evidence relied upon by the ALJ requires remand to the Appeals

Council for a meaningful review, and if the case is not remanded for that reason, application to the Appeals Council for review is meaningless.

Even if the claimant's position has merit, the decision of the Appeals Council is not reviewable under 405(g). The district court "may only review the ALJ's final decision, not the Appeals Council's nonfinal administrative decision to deny review." *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992) (no judicial review of Appeals Council refusal to consider new evidence). Thus, this court lacks jurisdiction to review whether the Appeals Council adequately reviewed the case.

#### 2. Freedom of Information Act Request

■ The plaintiff requested information from the Secretary pursuant to the Freedom of Information Act (FOIA).[5] In response to the request, the Secretary provided information to the claimant, but also denied certain material. The claimant requests an order releasing all denied information, or alternatively, review the information *in camera*.

■ Pursuant to the FOIA, a district court may order the production of agency records which have been improperly withheld. 5 U.S.C. § 552(a)(4)(B). The FOIA, however, imposes an exhaustion of administrative remedies requirement, and failure to do so "deprives the district court of jurisdiction to compel disclosure of requested information." *Francis v. Office of Hearings and Appeals*, No. 4–90–673, 1991 WL 40389 (D.Minn. March 15, 1991).

The claimant's request here fails in two respects. First, the jurisdiction asserted by Jones in her complaint is pursuant to 45 U.S.C. 405(g) not the FOIA. Second, plaintiff states in her reply brief that the denial of her request is presently on appeal. As she

3. Under S.D.Ia. LR 14(g), a reply brief may be filed "to assert newly decided authority or to respond to new and unanticipated arguments made in the resistance brief." The reply brief submitted by the claimant is not in compliance with this local rule in that it raises new issues not addressed in her initial brief. Plaintiff's counsel is expected to comply with this rule. *See Welsh v. Shalala*, 3–94–cv–80093 (S.D.Ia. Feb. 23, 1995) (Judge Wolle recognizing abuse of local rule).

4. The final decision of the Secretary regarding supplemental security income benefits "shall be limited to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

5. Jones asserts the requested FOIA materials prove that the Secretary did not review all of the evidence in the record.

has not completed administrative remedies, this court lacks jurisdiction to hear the matter at this juncture of the administrative proceedings.

## IV. CONCLUSION

For the forgoing reasons,

IT IS ORDERED that the decision of the Secretary is affirmed.