No. 95-1904

Carol A. Jones,                          *
                                         *
        Appellant,                       *
                                         *  Appeal from the United States
     v.          *                       District Court for the
                                         *  Southern  District  of  Iowa.
                                            *
Shirley S. Chater,                       *
Commissioner of the                      *
Social Security Administration,          *
                                         *
        Appellee.                        *

Submitted:  November 15, 1995

Filed:  December 18, 1995

Before BEAM, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

1992, citing a fractured ankle, arthritis, and low back pain.  After a hearing at which a vocational expert testified, an administrative law judge denied Ms. Jones's application for benefits.  In mid-1994, Ms. Jones sued in federal district court in Iowa for judicial review of that decision. See 42 U.S.C. § 405(g).

The district court affirmed the decision of the administrative law judge.  See Jones v. Shalala, 887 F. Supp. 210 (S.D. Iowa 1995).  Ms. Jones appeals, arguing that the vocational expert's conclusions about three of the four jobs that Ms. Jones could allegedly do failed to take into account the physical restrictions

applicable to her and that, with respect to the fourth job, the scarcity of such positions in the local economy precludes a finding that such positions are available to her.  We affirm the judgment of the district court.[1]

I.

The administrative law judge found that Ms. Jones had the residual functional capacity to lift 15 pounds maximum and 10 pounds repeatedly (Ms. Jones does not challenge that finding).  Assuming those facts (and others not relevant for the purposes of this opinion), the vocational expert testified that Ms. Jones could perform "less than a full range" of "unskilled light or sedentary work" but would be able to work as a hand packager (500 jobs available in Iowa), a production assembler (900 jobs available in Iowa), a telephone answering service operator (250 jobs available in Iowa), or a food order clerk (200 jobs available in Iowa).

Ms. Jones notes, correctly, that the positions of hand packager and production assembler described in the reference book that the vocational expert was using (the Dictionary of Occupational Titles, published by the U.S. Department of Labor) are characterized as medium work (requiring lifting of 20 to 50 pounds occasionally) and light work (requiring lifting of up to 20 pounds occasionally), respectively.  Ms. Jones argues that the vocational expert's testimony should be disregarded, therefore, since it conflicts with that reference book with respect to the lifting capabilities required.  We disagree.

The vocational expert specifically declared, as to those two positions, that the particular numbers of jobs he was citing were only those that could be characterized as sedentary ("[i]f you're

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

-2-

looking strictly at light [work], the numbers would be considerably higher"). The reference book itself warns, in its introduction, that the job characteristics for each position "reflect[] jobs as they have been found to occur, but ... may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities." In other words, in our view, the reference book gives the approximate maximum requirements for each position, rather than their range.

Because the vocational expert specifically limited his opinion to reflect sedentary work only (requiring lifting of up to 10 pounds occasionally), his testimony was a perfectly acceptable basis for the administrative law judge's conclusions. See, e.g., Bates v. Chater, 54 F.3d 529, 533 (8th Cir. 1995); see also Montgomery v. Chater, No. 95-1387, slip op. at 7 (8th Cir. Nov. 2, 1995) (vocational expert may testify in conflict with reference book with respect to particular jobs that may vary under certain circumstances from descriptions in the reference book), and Whitehouse v. Sullivan, 949 F.2d 1005, 1006 (8th Cir. 1991) ("the ALJ specifically asked the expert to assume a job applicant with [plaintiff's] age, education, work experience, and residual functional capacity ... the ALJ could properly assume that the expert framed his answer based on the factors the ALJ told him to take into account"). Smith v. Shalala, 46 F.3d 45 (8th Cir. 1995), on which Ms. Jones relies, is not to the contrary. In that case, there is no indication that the vocational expert limited his opinion in any way. See id. at 47.

## II.

At the very least, then, there was sufficient evidence for the administrative law judge to conclude that Ms. Jones could meet the job requirements for some positions as a production assembler. Since Ms. Jones does not argue that the number of such jobs available in Iowa is legally insignificant, we affirm the judgment

-3-

of the district court.  Because of our conclusion in that regard, we need not address Ms. Jones's other arguments.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.