_____

No. 95-3169
_____

Sonia Carlson,                    *
                                  *
        Appellant,                *    Appeal from the United States
                                  *    District Court for the
    v.                            *    Southern District of Iowa.
                                  *
Shirley S. Chater,                *
Commissioner of Social Security,  *
                                  *
        Appellee.                 *

_____

Submitted:  January 12, 1996

Filed:  January 24, 1996
_____

Before WOLLMAN, ROSS, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.


    Sonia Carlson appeals the district court's[1] decision summarily
affirming the Administrative Law Judge's (ALJ) denial of her June
1992 application for disability-insurance benefits.  We affirm.


                              I.


    At the time of the hearing before the ALJ, Carlson was thirty-
one years old.  She has a high-school education and had previously
performed skilled work.  On February 28, 1990, Carlson injured her
back at work and was diagnosed as having acute low back strain.  At
the hearing, she testified to constant pain in the center of her
lower back and legs and numbness in her lower extremities.

_____

    [1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

After finding Carlson incapable of returning to her past work as a retail store manager, the ALJ shifted the burden of proof to the Secretary to establish that a substantial number of jobs existed in the national economy that realistically suited Carlson's abilities.  The ALJ found that the Secretary satisfied this burden.

## II.

We limit our review to a determination of whether the Secretary's decision is supported by substantial evidence on the record as a whole.  Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994).

In arguing for reversal, Carlson offers three theories. First, she claims that the ALJ erred in relying on vocational expert testimony inconsistent with the Dictionary of Occupational Titles (DOT) and Social Security Ruling (SSR) 83-12.  Second, she urges that the ALJ incorrectly discounted her testimony and failed to adequately analyze her husband's testimony.  Finally, she asserts that the Secretary erred in limiting the disability analysis to the evidence of back strain, thus ignoring the new evidence presented regarding disc herniation and stenosis.

The ALJ found that although Carlson could not lift more than five pounds frequently and fifteen pounds occasionally, she could perform the jobs of charge account clerk, telephone surveyor, telephone quotation clerk, and order clerk in the food business. The DOT classifies the job of telephone surveyor as light work and the other three jobs as sedentary.  Carlson alleges that the finding that she can perform the job of telephone surveyor ignores her inability to lift more than fifteen pounds, as the DOT defines light work as requiring lifting up to twenty pounds.  Our recent decision in Jones v. Chater, No. 95-1904, slip op. (8th Cir. Dec. 18, 1995), is dispositive of this issue.  In Jones we recognized that a DOT definition of a particular job represents only the

"approximate maximum requirements for each position, rather than [the] range."  Id. at 3.  The vocational expert recognized this fact in his testimony, noting that although most telephone surveyor jobs were sedentary, some required light exertion, and further noting Carlson's strength limitations.  Accordingly, we find no error.

Coupled with this claim is the additional assertion that the ALJ ignored SSR 83-12, which, according to Carlson, provides that unskilled job requirements preclude a person from sitting or standing at will as Carlson's pain requires her to do.  This claim is based on an incomplete reading of SSR 83-12, which reads that "in cases of unusual limitation of ability to sit or stand a [vocational expert] should be consulted to clarify the implications for the occupational base."  As required by the ruling, the vocational expert specifically took into account Carlson's need to alternate positions when assessing what jobs she could perform.

Carlson's claim that the ALJ erred in discounting her testimony and engaged in an inadequate analysis of her husband's testimony are equally unpersuasive.  Our review of the record demonstrates that the ALJ engaged in a proper Polaski analysis, see Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), in discounting Carlson's testimony.  Moreover, although the ALJ did not make a specific credibility finding as to Carlson's husband's testimony, he made an implicit finding after discussing the specifics of that testimony.  Although specific delineations of credibility findings are preferable, an ALJ's "`arguable deficiency in opinion-writing technique'" does not require us to set aside a finding that is supported by substantial evidence.  Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987)).

Finally, Carlson points to the June 1994 medical tests that showed her to have severe degenerative disc changes as new evidence

-3-

of disability that the Appeals Council should have considered in reviewing the ALJ's decision.  The text of the council's decision makes clear that it considered this new evidence and found the ALJ's decision to be supported by the record as a whole, including this newly submitted evidence.  In these circumstances, remand for further consideration is inappropriate.  Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

After considering the record in its entirety, including the new evidence, we find the ALJ's decision to be supported by substantial evidence, and thus we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.