**Rita K. HUGHES, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. C95–1025.**

United States District Court, N.D. Iowa, Eastern Division.

June 19, 1996.

Jeffrey P. Berg, Cedar Rapids, Iowa, for Plaintiff.

Ana Maria Martel, Assistant U.S. Attorney, Northern District of Iowa, Cedar Rapids, Iowa, for Defendant.

### OPINION AND ORDER

MELLOY, Chief Judge.

This matter is before the court on plaintiff, Rita K. Hughes', complaint (doc. # 3), filed May 26, 1995, appealing the Commissioner's denial of her applications for Social Security Disability Benefits, under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Ms. Hughes' applications, dated August 15, 1991, allege an inability to work since August 8, 1991. The applications were denied initially and on reconsideration. Following a hearing before an administrative law judge (ALJ), the plaintiff was found ineligible for benefits. On appeal, this court reversed the ALJ's denial of benefits and remanded the case to the Secretary of Social Security for further consideration. *See Hughes v. Shalala,* No. C92–1044, 1993 WL 837008 (N.D.Iowa September 8, 1993). Following a hearing held on remand, the ALJ again determined that the plaintiff is not eligible for disability benefits. Since the Appeals Council has denied the claimant's request for review of the ALJ's decision, the ALJ's opinion and findings stand as the final decision of the Commissioner. The plaintiff asks the court to reverse the denial of benefits and find that she is entitled to benefits, or in the alternative, to vacate the decision of the ALJ and remand her applications to the Commissioner for further proceedings.

### Background

The plaintiff, Rita Kay Hughes, born December 2, 1947, has a 10th grade education, has earned her General Equivalency Diploma ("GED") and has worked as a production assembler, laundry laborer, gun welder and production machine operator. She alleges disability based an inability to function with chronic severe pain in her right arm, shoulder and neck. In addition, she complains of a loss of feeling in her right hand with the loss of grip strength. After the first hearing, the ALJ found that the plaintiff suffers from severe chronic right arm, shoulder, and neck pain. Due to her physical restrictions, the ALJ held that she could not return to her prior work or transfer skills from her past work to new work. Nevertheless, the ALJ found that the plaintiff can perform the physical and mental requirements for jobs that exist in significant numbers in the national economy and was therefor not eligible for benefits.

On review of that decision, this court held that the ALJ erred by failing to consider the plaintiff's limited ability to perform repetitive tasks with her right arm. Although nearly every doctor who had examined the plaintiff had recognized that she suffered from this "overuse syndrome", a condition which limits her ability to perform repetitive tasks, the hypothetical questions that the ALJ posed to the vocational expert at the hearing did not contain such limitations. Accordingly, the court reversed the ALJ's denial of benefits and remanded the case for further consideration.

On remand, the Secretary ordered a second hearing at which the ALJ again found that the claimant suffers from severe chronic right arm, shoulder and neck pain and overuse syndrome. As a result of those limitations, the ALJ found that the plaintiff has

the residual functional capacity to perform the requirements of work except for

"lifting and carrying more than 10 pounds frequently and 20 pounds on occasion. She must avoid work with the right arm above shoulder level, cannot lift objects weighing more than a gallon of milk with the right arm, and may drop an object which she is holding with the right hand once a month. Her fine finger dexterity is limited on the right. She must avoid positions requiring excessive flexion, extension, and lateral rotation of the neck. She cannot perform tasks with the right arm or any task requiring more than 150 degrees flexion, 50 degrees extension, 110 abduction, 50 degrees adduction, 50 degrees external rotation and 50 to 60 internal rotation. She should be allowed to be [sic] change her position for a brief period on an hourly basis."

Based on the testimony of a vocational expert, the ALJ then found that a person with the same age, education, experience and residual functional capacity as the plaintiff could perform the requirements of work that existed in substantial numbers in the national economy, including surveillance monitor, stock clerk, counter attendant and companion.

The plaintiff asserts that the ALJ's findings and conclusions are in error for two reasons. First, she alleges that the physical demands of the jobs that the ALJ found that she can perform, as listed in the Dictionary of Occupational Titles (DOT), exceed her physical abilities as found by the ALJ. In addition, she asserts that the ALJ did not properly evaluate the credibility of her subjective complaints of pain in accordance with the standards set out in *Polaski v. Heckler,* 751 F.2d 943 (8th Cir.1984), and therefor did not give sufficient consideration to the effect of that pain on her ability to be employed.

### Standard of Review

In reviewing a denial of Social Security benefits, the question for this court is whether the Commissioner's denial is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Delrosa v. Sullivan,* 922 F.2d 480, 484 (8th Cir.1991) (citing *Jeffery v. Secretary of Health & Hu-*

*man Servs.,* 849 F.2d 1129, 1132 (8th Cir. 1988)). This standard of review involves more than a mere search for evidence supporting the Commissioner's findings. *Id.* (citing *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983)). A court must examine all of the evidence on the record and take into account whatever fairly detracts from its weight. *Id.* (citing *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951); *Brand v. Secretary of Dep't of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir.1980); *Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984)).

### Determination of Disability

The Secretary's determination of a claimant's disability involves a five step evaluative process. 20 C.F.R. § 404.1520(a-f). In the instant case, the plaintiff asserts error at the fifth step of the process. At the fifth step, the burden is on the Commissioner to prove that there are a significant number of jobs in the national economy that the claimant can perform, given his (or her) residual functional capacity. 20 C.F.R. § 404.1520(f). Accordingly, the issue before the Court is whether the ALJ's finding, based on the testimony of a vocational expert, that the plaintiff can perform the physical and mental requirements of work with jobs that exist in significant numbers in the national economy is supported by substantial evidence on the record as a whole.

### Analysis

The plaintiff argues that the ALJ's findings are not supported by substantial evidence on the record as a whole because they are premised on vocational expert testimony that is inconsistent with the DOT. *See Smith v. Shalala,* 46 F.3d 45, 47 (8th Cir. 1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls."). In the instant case, the plaintiff finds fault with the ALJ's finding that the plaintiff can perform the requirements of each of the jobs set out in his opinion: surveillance monitor, stock clerk, counter attendant and companion.

Since its decision in *Smith,* however, the Eighth Circuit has further clarified its position with respect to Vocational expert

testimony that does not match the job requirement criteria listed in the DOT. In *Jones v. Chater*, 72 F.3d 81 (8th Cir.1995), the Eight Circuit stated that the DOT is a reference book which gives approximate maximum requirements for each listed position, rather than their precise range. *Id.* at 82. Accordingly, where the ALJ acknowledges a claimant's limitations and testifies as to the existence of jobs which have lower requirements than those listed in the DOT, it is not error for the ALJ to rely on such testimony. *Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir.1996). In the instant case, the testimony of the vocational expert is explicitly restricted to the existence of jobs available in each of the job classifications listed which meet the plaintiff's residual functional capacity. Accordingly, the ALJ did not err in relying on the vocational expert's testimony.

■ The plaintiff also argues that the ALJ's findings are not supported by substantial evidence on the record as a whole because the ALJ did not properly evaluate the credibility of her subjective complaints of pain in accordance with *Polaski*, 751 F.2d 943. On review of the ALJ's findings from the first and second hearing, the court finds that the ALJ properly weighed all of the *Polaski* factors in reaching his conclusions. Although the plaintiff casts the dispute as a question of credibility, the ALJ found the plaintiff's complaints of pain to be genuine and essentially credible. The only real dispute is the question of whether the pain she suffers is so severe as to prevent her from engaging in work that exists in substantial numbers in the economy. Because the restrictions contained in the hypothetical questions that the ALJ posed to the vocational expert fairly represent restrictions which are supported by substantial evidence on the record as a whole, the court holds that the ALJ's conclusions based on those hypothetical questions is supported by substantial evidence on the record as a whole.

### Conclusion

The final decision of the Commissioner of Social Security, denying the plaintiff's claim for Social Security disability benefits and Supplemental Security Income, is supported by substantial evidence on the record as a whole.

Accordingly, **It Is Ordered:**

The Commissioner's denial of benefits is affirmed.

Done and so ordered.