Flanner v. SSA                        CV-95-117-M    09/26/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Sandra Flannery</u>

    v.                                          Civil No. 95-117-M

<u>Shirley Chater, Commissioner</u>
<u>Social Security Administration</u>



O R D E R


    Sandra Flannery seeks review under 42 U.S.C.A. § 405(g) of
the Commissioner's decision denying her application for social
security disability benefits.  The Commissioner moves for an
order affirming the decision.



**<u>BACKGROUND</u>**

    Flannery applied for disability benefits in April of 1993
alleging an inability to work since June 1990 due to a chronic
condition that developed after she fractured ribs while working
as a nurse's aid.  She was forty-six years old at the time of her
application, had completed a high school education, and had
received training as a nurse's aid.  She had a certificate for
work as a home health aid.

    A hearing was held on her application before an
Administrative Law Judge ("ALJ") on April 28, 1994.  A vocational
expert ("VE") testified at the hearing.  The ALJ asked the VE

what jobs existed that could be performed by a hypothetical claimant with Flannery's educational background, with past experience as a nurse's aid, and who was limited to sedentary work with additional exertional restrictions including limitations of lifting only up to ten pounds and standing or walking for no more than twenty minutes combined.  Based on that hypothetical, the VE gave his opinion that Flannery could work in a receptionist position that would allow her to vary her activity to fit her limitations, or in a child care position limited to supervising older children.  The VE also testified that a substantial number of each type of job existed in the national and state economies.

The ALJ relied on the VE's opinion and found that although Flannery was unable to return to her past relevant work as a nurse's aid, she was not disabled from all work because a significant number of jobs existed that she could perform. Flannery challenges the ALJ's finding as to her ability to perform those jobs, asserting that the VE's opinion does not constitute substantial evidence because it conflicts with descriptions of the applicable job classifications found in the Dictionary of Occupational Titles ("DOT").

## STANDARD OF REVIEW

The Social Security Act empowers this court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g). The factual findings of the Commissioner are conclusive if supported by substantial evidence. See Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).

It is the Commissioner's responsibility to determine issues of credibility, draw inferences from the record evidence, and resolve conflicts in the evidence. Ortiz, 955 F.2d at 769 (citing Rodriguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). The ALJ's credibility determinations are entitled to considerable deference, Dupuis v. Secretary of Health and Human Servs., 869 F.2d 622, 623 (1st Cir. 1989), although those determinations must be supported by substantial evidence and accompanied by specific findings as to the relevant evidence considered. DaRosa v. Secretary of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1986).

3

## DISCUSSION

The sole issue presented for review is whether the ALJ's determination at the fifth step[1] of the applicable sequential analysis, that Flannery can work as a receptionist or as a child care worker, is supported by substantial evidence in the record.[2] At step five, the Commissioner has the burden of showing that

---

[1] The ALJ is required to consider the following five steps when determining if a claimant is disabled:
    (1) whether the claimant is engaged in substantial gainful activity at the time of the claim;
    (2) whether the claimant has a severe impairment that has lasted for twelve months or had a severe impairment for a period of twelve months in the past;
    (3) whether the impairment meets or equals a listed impairment;
    (4) whether the impairment prevents or prevented the claimant from performing past relevant work;
    (5) whether the impairment prevents or prevented the claimant from doing any other work.
20 C.F.R. § 404.1520 (1994).

[2] Flannery notes in passing that she appeared at the hearing pro se, that the ALJ explained that he had an obligation to supplement the record if necessary, and that the ALJ did not assist her in examining the VE. Flannery does not assert, however, that she proceeded pro se without being informed of her right to counsel or that her decision not to be represented or assisted at the hearing was invalid or that evidence favorable to her application existed which the ALJ failed to obtain for the record. She also does not appear to base her challenge to the ALJ's decision on an argument that the hearing, as conducted by the ALJ, was unfair. Therefore, as she has not developed a lack of due process argument, it is deemed waived. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir.) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."), cert. denied, 494 U.S. 1082 (1990).

despite the severity of the claimant's impairment and inability to return to past relevant work, she retains the residual functional capacity to perform other occupations that exist in significant numbers in the national economy and in the region where she lives. 20 C.F.R. § 404.1520(f); <u>Keating v. Secretary of Health & Human Servs.</u>, 848 F.2d 271, 276 (1st Cir. 1988).

The ALJ made the following findings that are relevant to this issue. Flannery was forty-nine years old, which is a "younger individual" (age 45-49) for purposes of social security benefits eligibility. Flannery's residual functional capacity for a full range of sedentary work was reduced by pain. She could not lift or carry more than twenty pounds; she could not sit, stand, or walk for prolonged periods; she was unable to bend, stoop, climb, or crawl; and she needed freedom to change her position at will. She could not use her arms for rapid and repetitive movements or perform tasks requiring fine visual acuity, and she needed to avoid reaching. She could not return to her previous work as a nurse's aid, and she had no acquired work skills that were transferrable to other skilled or semi-skilled work.

Based on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.21, and the vocational expert's

opinion,[3] the ALJ also found that Flannery was not disabled, as jobs existed in significant numbers in the national and regional economies that she was able to perform, such as work as a receptionist or as a child care worker for older children.

Flannery asserts that the VE's opinion that she could perform work as a receptionist and as a child care worker conflicts with the descriptions of those job classifications in the Dictionary of Occupational Titles ("DOT"). She contends that when a VE's opinion conflicts with the DOT, and the ALJ has relied on the VE's opinion in making a disability determination, the decision cannot be "supported by substantial evidence." See, e.g., Smith v. Shalala, 46 F.3d 45, 47 (8th Cir. 1995) ("when expert testimony conflicts with the DOT, the DOT controls"); Williams v. Shalala, 997 F.2d 1494, 1500 (D.C.Cir. 1993) (VE's testimony in conflict with DOT does not constitute substantial evidence); but see Johnson v. Shalala, 60 F.3d 1428, 1425 (9th Cir. 1995) (ALJ may rely on testimony from expert that is

---

[3] "Where a claimant's impairments involve only limitations in meeting the strength requirements of work, the Grid provides a 'streamlined' method by which the [Commissioner] can carry this burden." Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991). If, however, the claimant also has nonexertional impairments that "significantly affect" her ability to perform work, as the ALJ found in this case, then the testimony of a vocational expert is usually necessary. Id. at 996. A vocational expert was used in this case, as required, to consider the availability of work for a claimant whose residual functional capacity for sedentary work was reduced by nonexertional impairments caused by pain.

different from DOT); <u>Conn v. Secretary of Health and Human Servs.</u>, 51 F.3d 607, 610 (6th Cir. 1995) (same). Flannery has not shown, however, that the VE's opinion conflicts with the DOT job classification.

Flannery points to the DOT job titles for receptionist, DOT #237.367-038, and nursery school attendant, DOT #35977018, as the relevant job descriptions. She notes that both are described as a semi-skilled[4] positions, and contends that a semi-skilled position exceeds her skill criteria as described by the ALJ in his hypotheticals. A thorough review of the ALJ's hypothetical reveals no express skill level limitation. The ALJ described her previous work as semi-skilled and her education level as a high school education with average abilities; he directed the VE to consider "any transferable skills that may be addressed at the sedentary range;" and found that she did not have acquired work skills that were transferable to skilled or semi-skilled functions of other work.

If Flannery's work experience were the only criteria for determining her skill level, she would be correct that her skill level should be limited to "unskilled." <u>See</u> 20 C.F.R. § 404.1565 ("If you cannot use your skills in other skilled or semi-skilled

---

[4] Flannery mistakenly reported that the DOT described the receptionist position as skilled. The print-out submitted by Flannery shows that the DOT specific vocational level is 4, which translates to a skill level of semi-skilled.

work, we will consider your work background the same as unskilled.") However, another vocational factor for determining skill level is the claimant's education. See id. at § 404.1564. Because it is undisputed that Flannery had a high school education and average abilities, she was qualified on the basis of her education to do semi-skilled through skilled work. See id. at § 404.1564(b)(4). Because of her education, Flannery's lack of transferrable skills does not limit her to unskilled work.

Flannery also challenges the VE's opinion that she could do child care work, on grounds that the DOT-assigned exertional level of light work, rather than sedentary, exceeds her exertional limitations as found by the ALJ. While she is correct that the ALJ determined that she was limited to sedentary work, she is incorrect in choosing "nursery school attendant" from the DOT job titles as the corresponding work described by the VE and found by the ALJ. A nursery school attendant, as described in DOT #359677018, "leads activities of prekindergarten children in nursery schools or playrooms." The VE described and the ALJ found that Flannery could work in child care for older children. Flannery has shown no conflict between a comparable DOT job description and the VE's opinion, relied on by the ALJ, that child care for older children would require only sedentary work.

8

As the record contains substantial evidence to support the ALJ's finding that Flannery could perform work such as that of a receptionist and a child care worker with older children, the Commissioner's decision that Flannery is not disabled is affirmed.

## CONCLUSION

For the foregoing reasons, claimant's motion to reverse and remand (document no. 10) is denied, and the Commissioner's motion to affirm (document no. 11) is granted.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 26, 1996

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.