# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3673

_____

Donald J. Cakora,                                    *
                                                     *
        Appellant,                         *
                                                     *   Appeal from the United States
    v.                                     *   District Court for the
                                                     *   Western District of Arkansas.
Jo Anne B. Barnhart, Commissioner,                   *      [UNPUBLISHED]
Social Security Administration,                      *
                                                     *
        Appellee.                          *

_____

Submitted:  May 23, 2003

Filed:  June 19, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Donald J. Cakora appeals the district court's[1] order affirming the denial of disability benefits. In his July 1999 application, Cakora alleged disability since June 1999 from traumatic epilepsy and an organic mental disorder. After a hearing, where a vocational expert (VE) testified, the administrative law judge (ALJ) determined that Cakora could perform the jobs the VE identified in response to a hypothetical the ALJ

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Missouri.

posed.  Having carefully reviewed the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (substantial-evidence standard of review), we affirm.

Cakora first argues that the ALJ erred by ignoring several diagnoses and not considering his impairments in combination.  We disagree.  The diagnoses he lists were either not confirmed or not mentioned in the medical records, or he received no more than conservative treatment for them.  The ALJ's opinion indicates he considered the combined effects of the impairments that were supported by the record.  See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

We next reject Cakora's challenges to the ALJ's determinations that treating physician Richard Burnett's opinions about Cakora's ability to work were not entitled to great weight, that the testimony of Cakora and his friend Terry Walker were not credible, and that the Department of Veterans Affairs (VA) disability determination was not controlling.  Contrary to Cakora's assertion, the ALJ gave multiple valid reasons for discounting Dr. Burnett's opinions, see Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002) (statements that claimant could not be gainfully employed are not medical opinions; when treating physician's opinion is inconsistent with or contrary to medical evidence, it is not entitled to deference); the ALJ adequately explained and supported his credibility findings, see Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000); we find no basis for Cakora's contention that the testimony of his friend, who had worked as a mental-health technician, was entitled to more weight because of his medical expertise, cf. 20 C.F.R. § 404.1513(a) (2003) (acceptable medical sources); and the ALJ's opinion reflects that he reviewed and considered the medical evaluations upon which Cakora's most recent VA disability rating was based, see Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998) (VA disability rating is not binding on ALJ considering application for Social Security disability benefits, but it must be considered).

Cakora also contends the ALJ did not properly evaluate his posttraumatic stress disorder (PTSD) and his organic mental disorder. We find no diagnosis of PTSD in the record, and it appears that VA psychiatrist James Doolos ruled out PTSD. However, Cakora based his benefits application in part on organic mental disorder, a diagnosis Dr. Doolos did make, and thus the ALJ should have completed a psychiatric review technique form (PRTF). See 20 C.F.R. § 404.1520a (2003) (evaluation of mental impairments). Nonetheless, we find the error harmless, because Cakora testified that he had memory and concentration problems or "glitches" only monthly, with the "glitches" lasting at most fifteen to twenty minutes; tests in 1988, 1990, and 1999--which were the only ones in the record--indicated no new changes in his brain and only a mild memory loss; he still engaged in numerous activities; and the VE testified that Cakora could work at the identified jobs even if he had brief monthly episodes of altered awareness. See Montgomery v. Shalala, 30 F.3d 98, 100-01 (8th Cir. 1994) (suggesting that failure to complete PRTF could, in certain cases, be harmless).

Finally, Cakora claims the ALJ did not develop the record and that the hypothetical he posed did not adequately describe Cakora's limitations. The hearing transcript does not support Cakora's assertion that the ALJ stated he would arrange for a consultative examination; the ALJ considered the records of the VA specialists who were treating Cakora for his allegedly disabling seizures and organic mental disorder; and although the VA records predate Cakora's alleged June 1999 date of onset, Cakora did not request at the August 2000 hearing, where he was counseled and submitted additional records, that the record be held open; the medical records before the ALJ reflected no treatment for Cakora's allegedly disabling conditions after June 1999 and no treatment at all after November 1999; and at the Appeals Council stage, Cakora offered only Dr. Burnett's conclusory February 2001 letter without any supporting treatment records. See Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining additional medical evidence if existing evidence provides sufficient basis for decision); Shannon v.

<u>Chater</u>, 54 F.3d 484, 488 (8th Cir. 1995) (fact that claimant's counsel did not obtain records suggests they had only minor importance; reversal for failure to develop record justified only where such failure is unfair or prejudicial). As to the hypothetical, it included seizure- and "glitch"-related limitations. <u>See</u> <u>Hunt v. Massanari</u>, 250 F.3d 622, 625 (8th Cir. 2001) (hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ); <u>Haggard v. Apfel</u>, 175 F.3d 591, 595 (8th Cir. 1999) (VE's response to properly phrased hypothetical constitutes substantial evidence).

Accordingly, the judgment is affirmed. <u>See</u> <u>Pearsall</u>, 274 F.3d at 1217 (if reviewing court finds it possible to draw two inconsistent positions from evidence and one position represents Commissioner's findings, court must affirm).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.