# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1700

_____

| | | |
|---|---|---|
| Kirk A. Nielson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Jo Anne B. Barnhart, Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 20, 2003

Filed: January 27, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Kirk A. Nielson appeals the district court's[1] order affirming the termination of disability insurance benefits and supplemental security income. Having carefully reviewed the record, we affirm. See Dixon v. Barnhart, 324 F.3d 997, 1000 (8th Cir. 2003) (reviewing denial of benefits pursuant to continuing-disability-review process

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

for substantial evidence to support ALJ's decision; substantial evidence is relevant evidence that reasonable minds might accept as adequate to support decision); Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (reviewing court may not reverse merely because substantial evidence would also support opposite decision).

In February 1995 Nielson was granted benefits effective January 1989 based on a seizure disorder and cardiac impairment. In June 1998 he was notified that, based on information indicating his condition had improved, his benefits were being terminated. Nielson challenged the ruling, contending he was still disabled by uncontrolled seizures, arthritis in his back and knees, and heart disease. After a March 1999 hearing, at which a medical expert (ME) and vocational expert (VE) testified, an administrative law judge (ALJ) determined that Nielson's disability had ceased in June 1998, because there had been an improvement in his medical impairments related to his ability to work. The ALJ concluded that notwithstanding Nielson's history of cardiac-bypass surgery, a seizure disorder, and asthma, he had the residual functional capacity (RFC) for a wide range of light work, and although he could not do his PRW, the Medical Vocational Guidelines directed a conclusion of not disabled, consistent with the VE's testimony.

Nielson argues that the ALJ was bound by the previous ALJ's 1995 findings as to his subjective complaints and limited RFC, and that the ALJ applied the wrong standard. We disagree. The prior determination was based on Nielson's disability status at that time, and this court has recognized the continuing-review regulations. See 20 C.F.R. §§ 404.1594, 416.994 (2003) (outlining procedure for determining whether disability continues); Mittlestedt, 204 F.3d at 852 (under § 404.1594, claims must be reviewed periodically to determine if medical improvement has resulted in claimant's ability to work again; determination must be made without reference to disability status based on prior finding of disability). Further, in determining that Nielson's disability had ceased, the ALJ specifically considered whether Nielson had had a medical improvement that affected his ability to work; and because the ALJ

found such a medical improvement, he then considered whether Nielson's current impairments were severe or of listing-level severity, and whether his current RFC enabled him to perform his PRW, and if not, whether his current RFC enabled him to perform other work. See 20 C.F.R. §§ 404.1594(a) & (f), 416.994(b)(1)-(2), (4) (2003); Dixon, 324 F.3d at 1000-01 (discussing sequential analysis in continuing-disability-review process).

We also reject Nielson's contention that the ALJ erred by rejecting the RFC findings of his treating cardiologist, Dr. Mukesh Patel. We find that substantial evidence supports the ALJ's decision to discount Dr. Patel's August 1998 and January 1999 opinions that Nielson was completely disabled from coronary artery disease and a seizure disorder. Dr. Patel did not link his opinion to diagnostic test results or examination findings; Nielson's 1997 cardiac stress-test results were grossly normal, indicating improved cardiac function after his 1996 bypass; and, as the ALJ noted, Dr. Patel's February 1998 insurance-company statement conflicted with his later RFC findings, at least as to Nielson's seizures. See Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (treating physician's opinion will be granted controlling weight if it is well supported by medically accepted diagnostic techniques, but may be discounted if, inter alia, physician has offered inconsistent opinions).

Nielson argues the ALJ erred by not completing a psychiatric review technique form (PRTF) or developing the record concerning his severe depression. These arguments also fail. Nielson did not mention depression as a basis for his continued disability until the hearing, nor did he seek treatment for depression. We also find no discernable notation of depression in Dr. Patel's records, and we note that Nielson was sent for evaluation to a consulting psychiatrist, whose findings would not support a severe mental impairment. Further, the ALJ discussed Nielson's testimony about depression, and concluded the depression was not severe. See 20 C.F.R. §§ 404.1521(a), 416.921(a) (2003) (nonsevere mental impairment does not

significantly limit mental ability to do basic work activities); Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining added medical evidence if existing evidence provides sufficient basis for decision); Montgomery v. Shalala, 30 F.3d 98, 100-01 (8th Cir. 1994) (discussing failure to complete PRTF and harmless error).

We also reject Nielson's challenge to the ALJ's credibility determination, and his argument that the ALJ did not develop the record as to Nielson's ability to engage in a wide range of light work. The ALJ pointed to several valid reasons as the basis for discrediting Nielson's subjective complaints. See Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ's opinion is appropriate when ALJ expressly discredits claimant and gives good reason for doing so). As to developing the record, Nielson's counsel did not mention at the hearing the existence of, or the need to obtain, additional records relevant to Nielson's RFC; and despite the ALJ's reliance upon the 1997 cardiac test results and upon Nielson's infrequent visits to healthcare providers after the 1995 disability determination in finding Nielson no longer disabled, Nielson did not argue to the Appeals Council that later cardiac test results or other records existed or needed to be obtained, nor did he submit any such records. Also, the ALJ's physical RFC findings included restrictions for asthma and seizures, and exertional limitations directed to Nielson's cardiac history, and the findings were supported by those of reviewing and consulting physicians as well as the ME's testimony. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (ALJ is responsible for determining RFC based on all relevant evidence, including observations of treating physicians and others, and claimant's own description of limitations); Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (failure of claimant's counsel to obtain records suggests they had only minor importance; reversal for failure to develop record justified only where such failure is unfair or prejudicial).

Accordingly, because Nielson's remaining arguments provide no basis for reversal, we affirm.

_____