# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2221

_____

Lionel L. Hudson,

        Appellant,

v.

Jo Anne B. Barnhart,

        Appellee.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: June 15, 2005
Filed:  July 6, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lionel L. Hudson appeals the district court's[1] order affirming the termination of disability insurance benefits and supplemental security income after a continuing-disability review.  Having carefully reviewed the record, see Ellis v. Barnhart, 392 F.3d 988, 993 (8th Cir. 2005) (standard of review), we affirm.

We reject Hudson's challenge to the administrative law judge's (ALJ's) credibility determination, because the ALJ gave multiple valid reasons for finding

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Hudson's subjective complaints not credible. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference warranted where ALJ's credibility determination is supported by good reasons and substantial evidence). We also reject Hudson's assertion that the ALJ should have adopted the mental residual-functional-capacity (RFC) findings of psychologist Vann Smith, who conducted a one-time evaluation of Hudson. The ALJ gave good reasons for his resolution of the conflict between the mental RFC opinion of Dr. Smith versus those of consulting psychologist Paul Iles and the agency reviewing psychologists. See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (it is ALJ's function to resolve conflicts among opinions of various treating and examining physicians; ALJ may reject conclusions of any medical expert if they are inconsistent with record as whole). Hudson's remaining arguments[2] provide no basis for reversal.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[2]One of Hudson's arguments is that the ALJ was bound, under administrative res judicata, by the previous ALJ's 1997 findings as to credibility and RFC. Hudson's appellate counsel has raised this very argument on behalf of other claimants, and we have consistently rejected it. See Ply v. Massanari, 251 F.3d 777, 779 (8th Cir. 2001) (per curiam); Nielson v. Barnhart, 88 Fed. Appx. 145, 146-47 (8th Cir. 2004) (unpublished per curiam). We thus find it troubling that counsel chose to raise this same argument in the instant appeal.